UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC | CIVIL ACTION NO. 14-cv-3208 |
| VERSUS | JUDGE HICKS |
| MARACAS MEXICAN RESTAURANT, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

G&G Closed-Circuit Events, LLC ("Plaintiff") filed this civil action based on allegations that the owners and operators of a restaurant unlawfully aired a boxing match to which Plaintiff had the exclusive broadcast rights. One of the four defendants, Josefina Sandoval, has filed a notice that she filed a Chapter 7 bankruptcy proceeding in the Western District of Louisiana, Case No. 14-12888.

The court issued an order and allowed Plaintiff until April 6, 2015 to file either (1) a stipulation of dismissal of this action against Josefina Sandoval without prejudice, so that the claim against her may be pursued in the bankruptcy court, or (2) a copy of a motion filed in the bankruptcy court seeking to lift the stay and permit Plaintiff to pursue the action against Sandoval in this district court proceeding. The court instructed counsel that if he chose to move to lift the stay, he must inform the court in writing of the status of the motion to lift stay at least monthly until it is decided. The order warned: "Failure to comply with this order may result in dismissal of the claims against Sandoval for failure to prosecute."

The April 6, 2015 deadline has passed. Plaintiff has not filed a stipulation of dismissal or a copy of a motion to lift stay. There is no other indication in the record that Plaintiff intends to pursue either of those steps or other avenues to preserve the claims against the bankrupt defendant. Dismissal without prejudice for failure to prosecute is an appropriate exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that all claims against Josefina Sandoval be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2015.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge