UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC | CIVIL ACTION NO. 14-3208 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARACS MEXICAN RESTAURANT, LLC ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff G&G Closed Circuit Events, LLC's ("G&G") Motion for Default Judgment under Federal Rule of Civil Procedure 55. See Record Document 27. G&G seeks a default judgment against Defendants Maracas Mexican Restaurant, LLC d/b/a Maracas Mexican Restaurant ("Maracas") and Antonio Martinez ("Martinez"). One of the original defendants, Josefina Sandoval, filed a Suggestion of Bankruptcy as an answer and was terminated on January 4, 2016. See Record Document 7. The fourth Defendant in this matter, Olaf Lara ("Lara"), timely filed a pro se answer and thus G&G does not seek a default judgment against him. See Record Document 6. For the reasons announced below, the Court grants the Plaintiff's Motion.

**I. Factual & Procedural Background**

G&G alleges that the Defendants intercepted and played a pay-per-view boxing match at Maracas Mexican Restaurant in Bossier City, Louisiana on November 10, 2012, without purchasing a license from G&G, the pay-per-view distributor of the match, in violation of 18 U.S.C. §§ 2511 and 2520 and 47 U.S.C. §§ 553 and 605. See Record Document 1 at 2. According to the complaint, Maracas operated and owned Maracas Mexican Restaurant at the time of the broadcast at issue. See id. at 4-5.

Ten months after originally commencing this suit, G&G filed a Motion for Entry of Default against Maracas and Martinez because they had failed to file any responsive pleadings. See Record Document 25. The Clerk accordingly filed an Entry of Default against Maracas and Martinez. See Record Document 26. Following the 14-day delay required under local rules, G&G moved for default judgment against Maracas and Martinez seeking statutory damages provided by the statutes under which it filed suit. See Record Document 27. Thus, the issue before the Court now is whether G&G is entitled to default judgment and, if so, in what amount.

**II. Legal Standard**

A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment. See N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." Id. (citations omitted).

By defaulting, a defendant admits to the plaintiff's well-pleaded allegations of fact, at least with respect to liability. See Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002) (citing Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Even though the facts are admitted, the plaintiff still has the burden of showing that they give rise to a viable cause of action. See Nishimatsu Constr., 515 F.2d at 1206. Thus, a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

To determine the amount of damages in a default judgment, a court may rely on "detailed affidavits and documentary evidence, supplemented by the district court Judge's personal knowledge of the record." James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) (citation omitted). Although Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages, Fed. R. Civ. P. 55(b)(2)(B), a hearing is not necessary where "the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Discussion

#### A. Liability

##### i. Liability under 47 U.S.C. §§ 553 or 605

The Court first addresses whether G&G may assert claims against the Defendants under 47 U.S.C. §§ 553 or 605. G&G asserts claims in this matter under both 47 U.S.C. § 553 and § 605 but concedes in its Motion that "some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not both." Record Document 27 at 4. Indeed, depending on whether the communication that is intercepted is transmitted by wire or wirelessly, 47 U.S.C. § 553 and § 605 provide mutually exclusive causes of action. See J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C., 751 F.3d 346, 351 (5th Cir. 2014); J & J Sports Prods., Inc. v. Giuseppe's Bistro, LLC, No. CIV.A. 14-1326, 2015 U.S. Dist. LEXIS 44736, 2015 WL 1540364, at *2 (E.D. La. Apr. 6, 2015) (citation omitted). Where the communication is transmitted by wire, § 553 controls. See Mandell, 751 F.3d at 351. Where the communication is transmitted wirelessly, which includes by satellite, § 605 controls. See J&J Sports Prods., Inc v. Bandera Cowboy Bar LLC, No. 5:15-CV-352-DAE, 2016 U.S.

Dist. LEXIS 58603, 2016 WL 2349123, at *2 (W.D. Tex.). Thus, a defendant cannot violate both § 553 and § 605 by a single act of interception. See Giuseppe's Bistro, 2015 U.S. Dist. LEXIS 44736, 2015 WL 1540364, at *2 (citation omitted).

In the instant case, there is no evidence indicating whether the transmission of the licensed program was made by wire or wirelessly, as G&G admits in its Motion. See Record Document 27 at 3. However, the affidavit of Curtis Giese, G&G's investigator, states that the program was actually shown in the restaurant on November 10, 2012. See Record Document 27-4 at 1. Therefore, though it is impossible to determine whether by wire or wirelessly, the program must have been transmitted to the restaurant by one of these two means, and the absence of proof of the means will not preclude G&G's recovery. See J&J Sports Prods. v. Perez-Delarosa, LLC, 2015 U.S. Dist. LEXIS 41761 at *4 (E.D. La. 2015) (entering a default judgment under § 553 when plaintiff was unable to prove whether the defendants' conduct violated § 553 or § 605 because of defendants' failure to respond to the lawsuit or participate in discovery). Because the range of permissible statutory damages is larger under § 553 and includes the entire range of permissible damages under § 605, the Court will analyze this case under § 553.

### ii. Liability under 47 U.S.C. § 553

To prevail under 47 U.S.C. § 553 against Maracas, G&G must show that (1) that the boxing match was intercepted or received in Maracas Mexican Restaurant, (2) that the boxing match was shown without authorization by a cable operator or by G&G, and (3) that G&G was the exclusive licensee of the boxing match. See 47 U.S.C. § 553(a)(1). In this matter, the pleadings and evidence submitted in connection with the pending motion establish all three of these elements. See Record Documents 1; 27-4; and 27-7.

Maracas is therefore liable under 47 U.S.C. § 553 for showing a pay-per-view boxing match without G&G's permission on November 10, 2012.

A defendant is also liable under § 553 if he assists in the interception or receipt of a communication service without the authorization to do so. 47 U.S.C. § 553(a)(1). The complaint alleges that Martinez, as an individual, "willfully directed" Maracas' employees to intercept and broadcast the boxing match on November 10, 2012. Record Document 1 at 7. Martinez is therefore also liable under 47 U.S.C. § 533 for showing a pay-per-view boxing match without G&Gs permission on November 10, 2012.

### iii. Liability under 18 U.S.C. § 2511 or 2520

Because the Court has found liability under § 553, it need not address G&G's claims under 18 U.S.C. § 2511 or 2520. In its complaint, G&G notes that it "does not seek double damages" and that if the Court finds there was a violation under 47 U.S.C. § § 553 or 605 or 18 U.S.C. § § 2511 or 2520, then the Court can construe G&G as asserting its claims under these statutes in the alternative and therefore need not address all of them. Record Document 1 at 12. Accordingly, having found in favor of G&G with respect to its claims under 47 U.S.C. § 553, the Court does not need to address whether there were any violations under 18 U.S.C. § 2511 or 2520.

### B. Damages and Attorney's Fees

Section 553 provides for both actual and statutory damages. G&G seeks statutory damages as well as attorney's fees and costs. Section 553(c)(3)(A)(ii) states that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."

Courts take one of two approaches in assessing damages in similar cases.[1] One approach awards damages based on the number of patrons in the establishment at the time of the violation, while the other awards a flat sum for damages. See Joe Hand Promotions, Inc. v. Garcia, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). According to the affidavit of G&G's president, the sublicensing fee for the boxing match was based upon the capacity of the establishment. See Record Document 27-7 at 3. According to the affidavit of Geise, the capacity of Gomez Mexican Restaurant was approximately 75 people. See Record Document 27-4 at 1. For an establishment with a capacity of 1-100 people, the commercial sublicense fee would have been $600.00. See Record Document 27-7 at 3. But G&G's investigator also attests that he only observed twelve patrons at the restaurant at the time of the broadcast. See Record Document 27-4 at 1. Given the small number of patrons at Maracas Mexican Restaurant at the time of the illegal broadcast and the applicable sublicense fee of $600, the Court finds that $1,000.00 is an appropriate award of statutory damages for G&G.

Plaintiff additionally seeks enhanced damages pursuant to § 553(c)(3)(A)(ii)(B), which provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $50,000 for each violation of subsection (a) of this section.

---

[1] The Court finds it appropriate to rely on cases examining statutory damages pursuant to both § 553 and § 605 because the remedial provisions of those two statutes are very similar and the statutes offer a remedy for nearly identical conduct. See Charter Commc'ns Ent'mt I, DST v. Burdulis, 460 F.3d 168, 170 n.2 (1st Cir. 2006) (explaining that the remedies under the two statutes are similar, although § 605 has higher total penalties and mandatory attorney's fees).

Based on the factual allegations contained in the pleadings in this matter as well as the evidence submitted in connection with the pending motion, see Record Document 27-4 (affidavit of the president of G&G), the Court finds that Maracas and Martinez willfully violated § 553 and did so for the purpose of commercial advantage. Therefore, the Court finds G&G is entitled to $500.00 in enhanced damages. The Court has selected this number within its discretion, considering the few patrons at the restaurant at the time of broadcast and the lack of any allegation that the Defendants had engaged in this type of conduct on any previous occasions. See 47 U.S.C. § 553(c)(3)(A)(ii) (stating that statutory damages under this section are to be between $250.00 and $10,000.00 "as the court considers just").

Plaintiff seeks an award of attorney's fees in an unspecified amount. The Court declines to award attorney's fees because of insufficient support in the record, particularly as to the time involved in handling this matter. See Local Rule 54.2; see also G & G Closed Circuit Events LLC v. Rivals Sports Grill LLC, No. CIV.A. 6:12-3052, 2014 U.S. Dist. LEXIS 5416, 2014 WL 198159, at *5 (W.D. La. Jan. 14, 2014).

**IV. Conclusion**

For the reasons assigned above, the Plaintiff's Motion for Default Judgment (Record Document 27) is hereby **GRANTED** against defendants Maracas Mexican Restaurant, LLC and Antonio Martinez. Plaintiff is awarded $1,000.00 as statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and $500.00 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)(B). Plaintiff is additionally awarded costs pursuant to 47 U.S.C. § 553(c)(2)(C) and shall file a Memorandum of Costs in the form required by

the Clerk of Court on or before November 1, 2016. A Default Judgment consistent with this Memorandum Ruling shall issue herewith.

Olaf Lara is not subject to this Memorandum Ruling and has indicated in his answer that he was no longer the owner of the restaurant at the time of the unauthorized broadcast of the boxing match. See Record Document 6. Accordingly, **IT IS ORDERED** that by November 1, 2016, G&G must either contact the chambers of Magistrate Judge Hornsby to set a scheduling conference or dismiss its claims against Olaf Lara. Failure to take one of those steps by November 1, 2016, may result in the Court dismissing G&G's claims against Olaf Lara, without further notice, for failure to prosecute.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE